UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW REZ, LLC, et al.,<br><br>    Defendants. | No. 2:21-cv-01604-KJM-CKD PS<br><br>ORDER GRANTING IFP<br><br>AND<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT LEAVE TO AMEND</u> |

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). <u>See</u> 28 U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on September 7, 2021 is before the court for screening.

    Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**I.    SCREENING REQUIREMENT**

    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27

1

(2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II.     **RES JUDICATA BARS THE CLAIMS AGAINST SHELLPOINT/ NEW REZ**

   A.   **Allegations in the Present Complaint**

Plaintiff names three defendants whom he identifies in the present complaint as Shellpoint Debt Collecting Co. ("Shellpoint"), New Rez LLC Mortgage Servicing Co. ("New Rez"), and Ditech Financial Mortgage Servicing ("Ditech"). Plaintiff alleges defendants violated his rights when the servicing of his mortgage was transferred from Ditech to New Rez and/or Shellpoint. Plaintiff alleges defendants New Rez and/or Shellpoint sent plaintiff mortgage payment invoices on several occasions between February 5, 2020 and the present, claiming plaintiff owed money

against his mortgage which plaintiff alleges he had already paid. Defendants also sent letters threatening to foreclose on plaintiff's property. Plaintiff seeks damages.

**B.     Analysis**

In this case, plaintiff attempts to brings claims that could have already been litigated in other cases previously litigated in this district: 20-cv-2340 KJM CKD ("Harris I") and 21-636 KJM CKD ("Harris II"). Harris I was dismissed in its entirety with prejudice for failure to state a claim. See Harris I at ECF Nos. 24, 47, 48.[1] In Harris II, which was originally filed in the Superior Court of California, County of Solano, and removed to this court by defendants, all federal claims were similarly dismissed with prejudice and the case was remanded to the superior court. See Harris II at ECF Nos. 25, 35.[2] Based on these prior actions, the current claims against Shellpoint and New Rez are barred by the doctrine of res judicata and must be dismissed.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (footnote omitted). The legal doctrine of res judicata bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits. United States v. Tohono of Odham Nation, 563 U.S. 307, 315 (2011). Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal citations omitted).

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted). Under federal law, a judgment pending on appeal is final for purposes of res judicata effect. See Damascus v. Five Unknown Named Agents for U.S. Att'y Generals Off., 892 F.2d

---

[1] Plaintiff filed a notice of appeal, resulting in USCA case number 21-16456 in the Ninth Circuit.

[2] Plaintiff again filed a notice of appeal, resulting in USCA case number 21-16308 in the Ninth Circuit.

1045 (9th Cir. 1990) ("the pendency of an appeal does not alter the preclusive effect of an otherwise final decision of a district court").

The elements of res judicata are met in this instance. First, there is an identity of claims. Identity of claims exists when two suits arise from "the same transactional nucleus of facts." Tahoe-Sierra Pres. Council, Inc., 322 F.3d at 1078. Newly articulated claims based on the same nucleus of facts are subject to a res judicata finding if the claims could have been brought in the earlier action. Id.

In each of the three cases, the complaint seeks damages, alleging the assignment of plaintiff's mortgage loan was unlawful or invalid. Plaintiff alleges the new mortgage servicer lacks standing to enforce the terms of the loan because plaintiff did not sign a contract with the new mortgage servicer. The complaint in each of the three cases alleges the new mortgage servicer has demanded mortgage payments from plaintiff corresponding to months for which plaintiff alleges he paid his mortgage payment. Compare, ECF No. 1 at 5, 8, 14-16, with Harris I at ECF No. 1 at 2-3; see also Harris II at ECF No. 1 at 11-17. Each case is styled as bringing claims under "federal mortgage fraud laws" as well as the California Penal Code. Compare, ECF No. 1 at 11 with Harris I at ECF No. 1 at 1-3; see also Harris II at ECF No. 1 at 9. Though the complaints are not identical and do not attempt to bring identical claims, they all arise from the same set of facts. Thus, the claims raised now could have been raised in either prior action.

In addition, both Harris I and the federal claims in Harris II were dismissed for failure to state a claim upon which relief can be granted. Harris I at ECF Nos. 24, 47, 48; Harris II at ECF Nos. 25, 35. These dismissals constitute dismissals on the merits for res judicata purposes. See Stewart, 297 F.3d at 956 (holding that, unless an order states otherwise, a dismissal on any ground other than lack of jurisdiction, improper venue, or failure to join a party under Fed. R. Civ. P. 19 operates a dismissal on the merits for res judicata purposes) (citing Fed. R. Civ. P. 41(b)).

Finally, there is full privity between the parties as to plaintiff and defendants New Rez and Shellpoint because these parties in each suit are the same. Where the parties in both actions are identical, they are "quite obviously in privity." Tahoe-Sierra Pres. Council, Inc., 322 F.3d at

4

1081. Accordingly, all of the elements for res judicata are met, and plaintiff's claims against defendants New Rez and Shellpoint be dismissed with prejudice.

### III. THE CLAIMS AGAINST DITECH ALSO FAIL

#### A. Allegations against Ditech

On or about February 1, 2020, Ditech, who was plaintiff's mortgage company at the time, informed plaintiff his mortgage contract was being re-assigned to New Rez. (ECF No. 1 at 14.) In the same letter, Ditech told plaintiff to start sending all mortgage payments to New Rez. (Id.)

Plaintiff states he brings claims under the following authorities: (1) the Federal Fraud Enforcement and Recovery Act of 2009 ("FERA"); (2) 18 U.S.C. § 1349 (attempt and conspiracy); (3) California Civil Code § 3294 (exemplary damages); and (4) California Penal Code §§ 532f and 664 (mortgage fraud and attempt). (ECF No. 1 at 18-19.)

#### B. FERA

By referencing the FERA, it appears plaintiff is claiming the defendants committed mortgage fraud in violation of 31 U.S.C. § 3729, et seq, also known as the False Claims Act ("FCA"). The FERA of 2009 amended and strengthened the FCA. See 31 U.S.C. § 3729, et seq; see also United States ex rel. Garbe v. Kmart Corp., 824 F.3d 632, 639 (7th Cir. 2016) ("FERA had the effect of bringing within the FCA's ambit false claims to intermediaries or other private entities that either implement government programs or use government funds.").

> The purpose of the FCA is "to discourage fraud against the government." [...] The FCA imposes civil liability on any person who knowingly uses a "false record or statement to get a false or fraudulent claim paid or approved by the Government," [...] and any person who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." [...] To encourage the disclosure of potential fraud, under the qui tam provisions of the FCA, relators may "bring a civil action for a violation of [§] 3729 for the person and for the United States Government.

Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1205-06 (9th Cir. 2009), as amended on denial of reh'g and reh'g en banc (Jan. 6, 2010) (citations omitted). Under the FCA, a private citizen may bring an action on behalf of the government and in the name of the government as a relator. 31 U.S.C. § 3730(b).

Although FERA permits civil actions by private persons for violations of 31 U.S.C. § 3729, such actions are subject to strict procedural requirements including a heightened pleading standard which plaintiff has not met. See Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (holding that Federal Rule of Civil Procedure 9(b) provides the pleading standard under the FCA). In addition, plaintiff does not bring this action on behalf of the government. Instead, he alleges only that defendants defrauded him individually. Moreover, courts in the Ninth Circuit do not permit FCA relators to proceed pro se. Stoner v. Santa Clara Cty. Off. of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) ("we cannot interpret [28 U.S.C.] § 1654 as authorizing qui tam relators to proceed pro se in FCA actions"). Here, plaintiff proceeds without counsel and the allegations in the complaint do not meet the requirements for the qui tam provisions of the FCA. Accordingly, plaintiff does not have a viable claim under the FERA.

### C.   18 U.S.C. § 1349

This criminal statute prohibits and sets the punishment for attempt and conspiracy. See 18 U.S.C. § 1349 ("Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of this criminal statute, and no such right exists. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes generally "provide no basis for civil liability"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (holding that where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).

### D.   State-law Claims

Plaintiff's attempted claims under the California Penal Code and the California Civil Code also fail because he has no private right of action. California Civil Code § 3294 sets forth the circumstances in which exemplary, or punitive, damages are allowable under California law. See Cal. Civ. Code § 3294. It does not provide an independent cause of action. See Id. Similarly, there

is no basis for civil liability under California Penal Code §§ 532f and 664, which prohibit mortgage fraud and attempt, respectively. See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code… do not create enforceable individual rights"). In any event, because it is being recommended that all federal claims be dismissed, the undersigned will recommend the court decline to exercise supplemental jurisdiction over the state-law claims.

### IV.    CONCLUSION

While leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), the deficiencies in this complaint could not be cured by the allegation of additional facts. Under these circumstances, leave to amend would be futile and should be denied. See Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995).

In accordance with the above, IT IS ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend because it fails to state a cognizable claim against defendant Ditech and the claims against defendants Shellpoint and New Rez are barred by res judicata.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

/////

/////

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Harris.21cv1604.screen